IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Christopher Alexander Knight, | ) | 1:11-bk-49186 |
| | ) | |
| Debtor. | ) | Judge Donald Cassling |
| | ) | (DuPage County) |
| Don Peterson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-ap-458 |
| | ) | |
| Christopher Alexander Knight, | ) | |
| | ) | |
| Defendant. | ) | Hearing Date: July 20, 2012 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS**

Defendant/Debtor Christopher Alexander Knight's "Motion to Dismiss Count I and Count II of Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (the "Motion") argues that Plaintiff's Complaint to Determine the Dischargeability of a Debt (the "Complaint") fails to state a claim. However, the Motion fails to apply 11 U.S.C. § 523(a)(2) correctly, fails to consider the Exhibits attached to the Complaint properly, and fails to apply the applicable Federal Rules of Civil Procedure correctly. Despite its conclusion to the contrary, Debtor's Motion actually admits that the Complaint contains all of the elements necessary to determine that the debt is nondischargeable. Count I of the Complaint alleges the debt is nondischargeable because Debtor acquired the debt by actual fraud (Section 523(a)(2)(A)), or, alternatively, by use of a materially false writing respecting an insider's financial condition (Section 523(a)(2)(B)). Count II alleges nondischargeability due to fraudulent misrepresentations, pursuant to Section 523(a)(2)(A).

1

I.  **LEGAL STANDARDS**

(A)  **Non-dischargeability of a Money Debt Obtained by Fraud**

**1. False Pretenses or False Representations**

Section 523(a)(2)(A) provides that a money debt is not discharged under Section 727 to the extent that the debt was obtained by false pretenses or a false representation. Thus, a creditor must show that a debtor (1) made a false representation or omission, which he either knew was false or made with reckless disregard for the truth; (2) possessed an intent to deceive or defraud; and (3) that the creditor justifiably relied on the false representation. In re Davis, 638 F.3d 549, 553 (7th Cir. 2011).

However, false pretenses or false representations are not the only grounds on which a debt can be determined to be nondischargeable pursuant to Section 523(a)(2)(A).

**2. Actual Fraud**

Section 523(a)(2)(A) also provides that a money debt is not dischargeable to the extent it was obtained by "actual fraud." Under Seventh Circuit precedent, pleading actual fraud does not require pleading a misrepresentation or reliance. McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir.2000) In order to allege actual fraud under Section 523(a)(2)(A), the creditor need only allege: (1) a fraud occurred; (2) the debtor intended to defraud the creditor; and (3) the fraud created the debt. Id. at 893. "No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." McClellan at 893, quoting Stapleton v. Holt, 207 Okla. 443, 250 P.2d 451, 453-54 (Okla.1952). Thus, actual fraud is broader than misrepresentation. Id.

**(B)    Non-dischargeability of a Money Debt Obtained by a False Writing**

Section 523(a)(2)(B) further provides that a money debt is nondischargeable if six elements are met: (1) the debtor must make, (2) with intent to deceive, (3) a materially false (4) statement in writing, (5) respecting the debtor's <u>or an insider's</u> financial condition (6) on which the creditor reasonably relied. <u>Matter of Harasymiw</u>, 895 F. 2d 1170, 1172 (7th Cir. 1990) (emphasis added). A statement that is "materially false" is one that is "an important or substantial untruth." <u>In re Bogstad</u>, 779 F.2d 370, 375 (7th Cir. 1985).

**(C)    Pleading Requirements**

**1. Rule 9 and Rule 8**

Rule 9(b) of the Federal Rules of Civil Procedure governs the pleading of any allegation that "sounds in fraud." <u>Borsellino v. Goldman Sachs Group, Inc.</u>, 477 F.3d 502, 507 (7th Cir. 2007). A plaintiff alleging fraud must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Thus, Rule 9(b) requires that some facts, such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail. <u>Borsellino</u> at 509.

However, Rule 9(b) goes on to provide that "Malice, intent, knowledge, and other conditions of a person's mind may be alleged <u>generally</u>." FRCP 9(b)(emphasis added). Thus, the heightened pleading standard for fraud does not apply to such allegations; instead, Rule 8 applies. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1954, 556 U.S. 662 (2009). In contrast to Rule 9, Rule 8 does not require detailed factual allegations. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964, 550 U.S. 544 (2007).

**2. Rule 12(b)(6) Motion to Dismiss**

To survive a 12(b)(6) motion to dismiss, the allegations, when taken as true, must merely contain sufficient factual matter that states "a claim to relief that is plausible on its face." Twombly at 1975. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. For example, under either Section 523(a)(2)(A) or (B), wrongful intent can be reasonably inferred from a false statement which the debtor knows or should know will induce another to make a loan. In re Kimzey, 761 F.2d 421, 424 (7th Cir. 1985); Matter of Sheridan, 57 F.3d 627, 633 (7th Cir. 1995).

**II.    PLAINTIFF'S COMPLAINT IS SUFFICIENTLY PARTICULAR**

   **(A)    Debtor's Motion Admits Debtor's Fraudulent Intent**

The crux of Count I is that Debtor fraudulently induced Plaintiff to loan $500,000 to Ashton Builders. The Debtor owned 51% of the shares of Ashton Builders (¶ 9). The loan was personally guaranteed by the Debtor (¶ 11 of the Complaint; Exhibit B to the Complaint). The $500,000 loan was to be used only for the purchase of a property and certain improvements (hereinafter the "Premises") at 10 S. Main Street, Naperville, IL 60540 (¶ 17 of Count I of the Complaint; Section 11 of Exhibit A.) All of the relevant statements were memorialized in a Promissory Note (Exhibit A to the Complaint), signed by Debtor on July 20, 2006 at some time prior to 11:01 AM. See Exhibit A; see also Exhibit B. However, Ashton Builders never intended to use the loan money to purchase the Premises (¶ 19) and never did (¶ 20), nor did Ashton Builders nor Debtor ever make payments on the principal balance (¶ 24 of Count I). The reasonable and probable inference of these well-pled facts is that the Debtor was engaged in a scheme to defraud the Plaintiff.

4

Before engaging the substance of Debtor's Motion, this Court should take notice of a footnote in Debtor's Motion on the fourth unnumbered page. According to that footnote, "the Plaintiff and the Debtor were aware that the property had already been acquired prior to the time the loan was made." Debtor's Motion, n.1. Plaintiff certainly did not know that the Premises had already been acquired nor it is proper for Debtor to mount a factual defense at this point. Even if the Premises had already been acquired, then Ashton Builders would not be authorized to use the loan money at all. The Promissory Note is not ambiguous on that point. See Section 11 of Exhibit A.

Accordingly, Footnote 1 of Debtor's Motion is an admission that (1) the $500,000 loan was made as described in the Note and (2) that Ashton Builders never had any intention to use the proceeds for the promised purpose. Footnote 1 represents an admission of fraud by Debtor, and Debtor's Motion must thus be denied. Accordingly, this Court should enter an Order finding that the debt is nondischargeable pursuant to Section 523(a)(2).

**(B)    Count I and Section 523(a)(2)(A)**

Debtor's Motion argues that Plaintiff has failed to state how any of the statements complained of were made. Yet Debtor's Motion actually admits that Debtor's promise that Ashton Builders would use the funds only for the purchase of 10 S. Main Street and promise to repay the funds are "memorialized in a Note and Guaranty." Debtor's Motion at second unnumbered page. Thus, Debtor's argument as to specificity is mystifying: Debtor admits the fraudulent statements were memorialized in a Note and Guaranty, signed by Debtor, and provided to Plaintiff. See Exhibit A; see also Exhibit B. Every element of specificity that Debtor raises is present in the Exhibits.

Thus, Plaintiff's Complaint contains all necessary elements of specificity: the content of the fraudulent statements is contained in the Exhibits; the time, place, and manner of communication

is obvious on the face of the Exhibits and ¶ 12 of the Complaint; and the identity of the communicator is alleged to be the Debtor. There is no additional specificity required. Borsellino at 509.

Debtor also argues that Plaintiff has failed to plead how certain statements "were false at the time they were made" and "how the Debtor intended to deceive him at the time the representations were made." Debtor's Motion, fifth unnumbered page. Debtor forgets that Rule 9(b) expressly allows that "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b). Thus, the heightened pleading standard for fraud does not apply to allegations of Debtor's intent. Iqbal at 1954.

Here, Plaintiff has alleged that Debtor never intended to use the loan money to purchase the Premises (¶ 19 of the Complaint.) This is sufficient, as a "'rigid rule requiring the detailed pleading of a condition of mind would be undesirable.'" Iqbal at 1954, quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1301, p. 291 (3d ed. 2004). Further, fraudulent intent on the part of the Debtor is the logical inference of the fraudulent statements regarding the use of the loan. In re Kimzey, 761 F.2d 421, 424 (7th Cir. 1985). Regardless, as noted above, Debtor admits that he never intended for Ashton Builders to use the loan proceeds to purchase the Premises. Debtor's Motion, n.1.

Thus, Plaintiff has stated a claim sounding in actual fraud. In sum, Plaintiff has alleged that Debtor tricked Plaintiff into loaning $500,000 to Debtor's company by promising Plaintiff to invest the money into the purchase of a specific building and by personally guaranteeing the loan, when Debtor's company never intended to so invest the money nor did Debtor ever intend to repay the money. Debtor then took Plaintiff's money. Even if Debtor had not already admitted the truth of

these allegations, they would be taken as true for the purposes of Debtor's Motion to Dismiss Pursuant to FRCP 12(b)(6). Twombly at 1975.

Thus, Debtor intentionally defrauded Plaintiff and, pursuant to the Guaranty, became indebted to Plaintiff in the amount of $500,000. Accordingly, this Court should deny Debtor's Motion and determine that the debt is not dischargeable pursuant to Section 523(a)(2)(A) because it was acquired by actual fraud.

### (C) Count I and Section 523(a)(2)(B)

In Count I of the Complaint, Plaintiff also argues, essentially in the alternative, that the $500,000 loan is not dischargeable pursuant to Section 523(a)(2)(B). As the Guaranty plainly states, Debtor guaranteed that Ashton Builders (jointly and severally with Naper Main Street, LLC ("Naper Main")) had the financial ability to pay its debt under the Note. See Exhibit B at Section 14)(c). The Complaint alleges that Debtor's guaranty that Ashton Builders was in financial condition to repay the Note was a materially false statement (¶ 29 of Count I) that Plaintiff reasonably relied on (¶ 30 of Count I) and that Debtor made the statement to trick Plaintiff into making the $500,000 loan (¶ 31 of Count I). It is reasonable to infer Debtor's fraudulent intent in making such a promise. Matter of Sheridan, 57 F. 3d 627, 633 (7th Cir. 1995).

Debtor's Motion asks "how Paragraph 14(c) could possibly apply to any representation as to the Debtor's personal financial condition." Plaintiff's Motion at fifth unnumbered page. Respectfully, Debtor should review Section 523(a)(2)(B) again.

Section 523(a)(2)(B) makes a debt not dischargeable if it was obtained via use of a materially false statement in writing (here, the Guaranty) "respecting the debtor's *or an insider's* financial condition." Section 523(a)(2)(B)(ii)(emphasis added). Debtor neglected to include the relevant

language in his Motion. See Debtor's Motion at third unnumbered page.

As noted above, the Guaranty was pursuant to a loan to Ashton Builders. Ashton Builders was an insider of Naper Main (¶ 7 of the Complaint). The Guaranty was Debtor's statement in writing that was materially false respecting Ashton Builder's financial condition, on which Plaintiff relied, that Debtor made with the intent to deceive Plaintiff. Ashton Builders never repaid the loan (¶ 24 of the Complaint) and eventually dissolved (¶ 7 of the Complaint).

Debtor presents arguments regarding "financial reports" described in Section 14(c) of the Guaranty. Those "reports, balance sheets, net worth statements and other financial data" are not alleged to the be the writing relied upon and accordingly Debtor's arguments there are irrelevant.

As above, Debtor also argues that the allegations regarding Debtor's intent in making the Guaranty are not sufficiently particular as required by Rule 9(b). But again, as shown above, intent need not be alleged with the same specificity as the facts giving rise to fraud. Iqbal at 1954. Further, fraudulent intent can be reasonably inferred because the fraudulent statements induced Plaintiff to make the loan. Sheridan at 633.

Thus, Plaintiff has not only stated a claim sounding in fraud, but shown how the $500,000 loan Debtor acquired thereby is not dischargeable pursuant to Section 523(a)(2)(B). Accordingly, this Court should deny Debtor's Motion and determine that the debt is not dischargeable pursuant to Section 523(a)(2)(B) because it was acquired by use of the materially false Guaranty which Debtor made regarding Ashton Builders' financial condition.

### (D) Count II is Sufficiently Particular

Debtor makes two arguments against Count II of the Complaint. First, Debtor reasserts that Plaintiff's allegations are not sufficiently particular. Debtor's Motion at fifth unnumbered page. As

noted above, Plaintiff has pled, with sufficient particularity, every necessary element of actual fraud under the appropriate Federal Rule of Civil Procedure. Second, Plaintiff argues that ¶ 25 of Count II is contradictory because, in Debtor's words, "[i]f [Plaintiff] had actually relied on those representations, he would not by his own admission, have loaned the money." Debtor's Motion at sixth unnumbered page. Of course, as noted above, reliance on a false representation is not required to state a claim for fraud. McClellan at 893.

Debtor has misquoted Plaintiff and distorts the content of the Complaint. First, Plaintiff has properly alleged that the Debtor knew he did not represent Naper Main. ¶ 19 of Count II of the Complaint.. As this is an allegation of Debtor's state of mind, under FRCP 9(b), this allegation may be alleged generally, and need not be alleged with heightened specificity. Iqbal at 1954.

Second, Plaintiff's allegation in ¶ 25 of Count II was that Plaintiff was misled about Naper Main's participation in the transaction at all, not merely Naper Main's signing of the Promissory Note at issue: "Plaintiff would not have made the Loan had he known that Naper Main was not to participate in the transaction as represented by Defendant-Debtor."¶ 25 of Count II of the Complaint. It is completely ordinary in business, particularly in the real estate business, that documents will be executed by various parties at various times, that money will be transferred between accounts, and that parties will take other various steps, concurrently with the execution of the relevant documents, and not strictly upon the actual execution.

Debtor is now essentially attempting to blame Plaintiff for Debtor's own fraud by arguing that because Debtor did not perform, Plaintiff's performance could not have been in reliance upon Debtor's representations of Naper Main's involvement. Specifically, the misrepresentation alleged in Count II, and ¶ 25 of Count II in particular is that Naper Main was not involved in this transaction

at all, not merely that they were to be a co-borrower. Debtor intended that Plaintiff believe Debtor represented Naper Main as well as Ashton Builders in order to take advantage of an elderly man's confusion. Plaintiff intends to show that Naper Main never had any knowledge of this transaction whatsoever and that Debtor fraudulently used the Naper Main name to induce Plaintiff's loan. All of the necessary facts to support that reasonable inference are properly pled in the Complaint. Accordingly, the Motion should be denied.

### III. CONCLUSION

When viewed under the appropriate combination of Rule 8 and Rule 9(b), Plaintiff has clearly stated a cause of action that sounds in fraud. The fraudulent communications clearly identify all specific information necessary to survive Rule 9(b) and defeat a Motion to Dismiss under Rule 12(b)(6). As noted, allegations of intent may be made generally and, here, are facially plausible, particularly given that Debtor has admitted he never intended to use the loan proceeds to purchase the property. Thus, the debt is nondischargeable under Section 523(a)(2)(A). Further, Plaintiff has provided this Court with the correct language for determining nondischargeability under Section 523(a)(2)(B). Finally, Plaintiff has clarified Debtor's distortions of Count II. Accordingly, Debtor's Motion to Dismiss should be denied and this Court should find the $500,000 debt nondischargeable.

Respectfully submitted,
Don Peterson, Plaintiff

By:___/s/ Peter H. Jagel____
    One of His Attorneys

Peter H. Jagel
The Law Offices of Peter H. Jagel, P.C.
Attorney Number 6194999
209 E. Jefferson Ave.
Naperville, IL 60540
(630) 355-8070